Law Offices<br>
**HERBST LAW PLLC**

August 20, 2024

**BY ECF**

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 1007

      Re:    *Murray v. UBS*, No. 20-4202, 21-56 (XAP)

Dear Ms. Wolfe:

      We represent Plaintiff-Appellee-Cross-Appellant Trevor Murray. We write, pursuant to F.R.A.P. 28(j), to submit the recent decision in *Parker v. BNSF Ry. Co.,* 2024 U.S. App. LEXIS 20049 (9th Cir. Aug. 9, 2024), for the panel's consideration. Citing the Supreme Court's decision in *Murray* that "personnel actions against employees should quite simply not be based on protected [whistleblowing] activities – not even a little bit[,]" 601 U.S. 23, 36-37 (2024) (cleaned up), the Ninth Circuit affirmed the "well-established" definition of "contributing factor": a "contributing factor includes any factor, which alone or in connection with other factors, tends to affect in any way the outcome of the decision[,]" adding that "[t]he Supreme Court has interpreted similar language as creating liability if the employee's action causes 'even the slightest' influence on the employer's decision." 2024 U.S. App. LEXIS 20049 *23-24 (cleaned up, citations omitted). Judge Graber, dissenting on other grounds, agreed with that definition of contributing factor, noting further that "contributing factors may be quite modest" and may "play only a very small role" in the employer's decision." *Id.,* at *39.

      We cite *Parker* in support of our argument that the initial instruction on contributing factor in this case was not error. *See* Supplemental Brief for Plaintiff-Appellee-Cross-Appellant Trevor Murray, Point I.

                                                   Respectfully yours,

                                                   /s/ Robert L. Herbst

                                                   Robert L. Herbst

cc (by ECF):    All counsel