# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Thomas G. Hungar
Direct: +1 202.887.3784
Fax: +1 202.530.4213
THungar@gibsondunn.com

August 27, 2024

VIA ECF

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse, 40 Foley Square
New York, NY 10007

Re: *Murray v. UBS Securities, LLC*, No. 20-4202

Dear Ms. Wolfe:

I write to respond to Plaintiff's Rule 28(j) letter regarding *Parker v. BNSF Railway Company*, No. 22-35695, 2024 WL 3734251 (9th Cir. Aug. 9, 2024). Plaintiff claims that *Parker* supports his position because the court quoted Ninth Circuit precedent defining a contributing factor as "any factor, which alone or in connection with other factors, tends to affect in any way the outcome of the decision." *See id.* at *8 (citation omitted).

*First*, that statement is dicta. In *Parker*, it was "undisputed" that the plaintiff's protected activity "was a contributing factor to [defendant's] decision to discharge him" in a bench trial, because the protected activity "'partly caused'" the termination. *Id.* at *6, *8-9. The issue on appeal instead concerned the defendant's affirmative defense. *Id*. at *1. In *Murray*, by contrast, the disputed issue is whether the contributing-factor instruction impermissibly permitted the jury to find for Plaintiff even if his alleged protected activity did not have a role in bringing about his termination.

*Second*, it is common ground in this case that some other courts have, without analysis or explanation, unthinkingly repeated the "tends to affect in any way" language devised for the Whistleblower Protection Act (WPA) in cases involving meaningfully different statutes. *Parker* thus quotes a prior decision making that same assumption, again without analysis or explanation. That passing reiteration of an earlier error does nothing to undercut this Court's prior reasoned analysis which correctly concluded that the WPA formulation is flawed and misleading as applied to the Sarbanes-Oxley Act.

*Third*, it is irrelevant that Judge Graber's dissent noted that a contributing factor need only have "a very small role." *Id.* at *8. The Supreme Court was clear that a plaintiff's protected activity must still have a "'share in bringing about'" that action. *Murray v. UBS Sec., LLC*, 601 U.S. 37 (2024) (citation omitted). The fundamental flaw with the district court's

GIBSON DUNN

August 27, 2024
Page 2

instruction in *Murray* is that it allowed the jury to find for Plaintiff based on scenarios in which his alleged protected activity had *no role* in bringing about his termination.

Respectfully submitted,

  /s/ *Thomas G. Hungar*
   Thomas G. Hungar


cc:     All counsel of record (via ECF)